UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
THE ESTATE OF BURNE HOGARTH; BURNE       :
HOGARTH DYNAMIC MEDIA WORLDWIDE LLC;     :
MICHAEL HOGARTH; RICHARD HOGARTH; and    :   00 CIV. 9569 (DLC)
ROSS HOGARTH, as the children of         :
deceased author Burne Hogarth,           :   OPINION & ORDER
                         Plaintiffs,     :
                                         :
            -v-                          :
                                         :
EDGAR RICE BURROUGHS, INC.,              :
                         Defendant.      :
                                         :
----------------------------------------X

DENISE COTE, District Judge:

Through an Opinion and Order of November 4, 2004, sanctions were entered against the plaintiffs in this action and their attorneys. Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc., No. 00 Civ. 9569 (DLC), 2004 WL 2480437 (S.D.N.Y. Nov 4. 2004) ("Sanctions Opinion"). On February 10, 2005, the sanctioned parties moved to vacate the sanctions order, enclosing with that application substantial new factual material. After the motion to vacate was fully submitted, the defendant advised the Court that it was withdrawing all opposition to the motion to vacate. For the following reasons, the motion to vacate the sanctions order is granted.

Background

The plaintiffs, heirs to Burne Hogarth ("Hogarth"), a renowned illustrator of the story of Tarzan, brought this copyright action against Edgar Rice Burroughs, Inc. ("ERB"), the entity which bears the name of and holds the copyrights in the

works of the creator of the Tarzan character and the author of many Tarzan stories. The dispute arose from two books about Tarzan that Hogarth illustrated, which were published by ERB in 1972 and 1976 (the "Books"). In 1999, the Walt Disney Company ("Disney") produced the movie Tarzan, and the plaintiffs filed this suit in the hope of obtaining some of the licensing fees that Disney had paid to ERB. Id. at *1. Following a bench trial, this Court denied the plaintiffs' claims. Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc., No. 00 Civ. 9569 (DLC), 2003 WL 398696 (S.D.N.Y. Mar. 15, 2002). That decision was affirmed on appeal. Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc., 342 F.3d 149 (2d Cir. 2003).

Following its victory on appeal, ERB moved for costs and attorneys fees from plaintiffs and plaintiffs' counsel under 17 U.S.C. § 505, 28 U.S.C. § 1927, and the Court's inherent power. The motion was granted in part through the Sanctions Opinion. The most serious of the findings was the finding that plaintiffs and one of their attorneys, David Smallman ("Smallman"), had intentionally withheld documents during the discovery process that significantly undermined plaintiffs' principal claim in the action. Hogarth, 2004 WL 2480437, at *14. Both the plaintiffs and Smallman were sanctioned for that conduct. In addition, the plaintiffs were sanctioned under the copyright statute for their claim that the artwork in the Books and the Disney movie were similar. Id. at *16. Plaintiffs and their counsel were also sanctioned for trying to disqualify defense counsel on the eve of

2

trial. Id. Finally, plaintiffs and Smallman were sanctioned for the service of a post-verdict motion to correct the record. Id. at *17.

No motion for reconsideration was filed. The parties agreed that the amount of the sanctions to be paid if the Sanctions Opinion stood was approximately $80,000, with over $50,000 of that figure attributable to the finding that documents had been intentionally withheld.

On February 10, 2005, plaintiffs' counsel and plaintiffs moved pursuant to Rule 60(b), Fed. R. Civ. P., to vacate the Sanctions Opinion in an exercise of the Court's discretion. Smallman submitted a lengthy affidavit in support of the motion to vacate, acknowledging that it was a "tremendous mistake" not to have provided such a detailed declaration in connection with the sanctions motion practice. Among other things, he revealed the circumstances under which he had discovered the documents that were at the heart of the sanctions motion practice. He explained that he had located them in the days immediately preceding the plaintiffs' production of the documents, and not as it appeared from the earlier submissions, during the search of his clients' records that had preceded the filing of the action. He further explained the reasons for his belief that the earlier search had been exhaustive and that the discovery of the additional material had been unexpected. As far as the two other issues which resulted in the imposition of sanctions on counsel, Smallman also described his thought process and why he believed

he had proceeded in good faith.

On May 27, 2005, ERB and plaintiffs' counsel advised the Court in writing that they had reached an agreement regarding the pending motion to vacate the award of sanctions. Plaintiffs and plaintiffs' counsel had agreed that they would pay ERB $80,000 by May 30, that is, the entire amount awarded through the Sanctions Opinion. This was an irrevocable payment that would be unaffected by the outcome of any further litigation. ERB withdrew its opposition to the Court's consideration of the motion to vacate, whether on the basis of untimeliness or any other procedural ground. ERB also represented that, in light of the newly presented testimony and documentation presented by Smallman, it was withdrawing all opposition to the motion to vacate. ERB described its intention as a desire "to leave the resolution of such motion to the Court based on the record before it." The parties agreed further that if the Sanctions Order were vacated, that the action would be terminated with prejudice, and that if the Sanctions Order were not vacated, that the action would be terminated upon the issuance of a final judgment entered following any appeal. In either event, the payment of the $80,000 would be unaffected.

Discussion

Rule 60(b)(6), Fed. R. Civ. P., provides, in pertinent part: "On motion and on such terms as are just, the court may relieve a party or a party's legal representative from a final judgment,

4

order, or proceeding for . . . any . . . reason justifying relief from the operation of the judgment." The Rule "confers broad discretion on [a] trial court to grant relief when appropriate to accomplish justice and it constitutes a grand reservoir of equitable power to do justice in a particular case." Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (citation and alteration omitted). Rule 60(b)(6) motions "should be liberally construed when substantial justice will thus be served." LeBlanc v. Cleveland, 248 F.3d 95, 100 (2d Cir. 2001) (citation omitted). Such motions must nevertheless "be made within a reasonable time and the moving party must show extraordinary circumstances to warrant relief." Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., 301 F.3d 54, 59 (2d Cir. 2002) (citation omitted).

The parties moving to vacate the Sanctions Order have a significant burden to overcome given the strong interest in the finality of judgments. They had an opportunity to present all of the relevant facts during the briefing of the underlying motion for sanctions and neglected to present essential information at that time. Because of that failure, they could not and did not attempt to move for reconsideration; they could not argue that the Court had overlooked any pertinent facts that they had presented on the motion. Now, on the basis of their enhanced submissions, these parties essentially ask the Court for an opportunity to relitigate the motion for sanctions.

While the movants have a significant hurdle to overcome,

5

they have shown that exceptional circumstances exist that counsel in favor of a reexamination of the entire record to ensure that the finding of sanctionable conduct accords with what are now undisputed facts. The imposition of sanctions is a serious matter. When the principal finding that was the linchpin for the award is shown to be unreliable, concern for the appearance of justice becomes a significant factor to weigh in the decision of whether to accept newly presented evidence.

The law is clear that parties may not vacate a judgment through a settlement of their dispute. "[W]hen a judgment is mooted by settlement, vacatur is usually not justified because the social value in preserving precedents is not outweighed by equitable circumstances." Major League Baseball Props., Inc. v. Pac. Trading Cards, Inc., 150 F.3d 149, 151 (2d Cir. 1998). Sensitive to the limits on their ability to alter the record of proceedings before the Court, and in what would appear to be appropriate recognition of the tortured history of this litigation, the plaintiffs and their counsel have paid the amount due from the Sanctions Opinion, but have done so irrevocably. Whether the motion to vacate is granted or not, the payment will not be the subject of further litigation.

The parties have left the issue of whether to vacate the Sanctions Order entirely to the discretion of the Court. Having found that it is appropriate to consider the entire factual record that is now before the Court, the motion to vacate is granted. Smallman has shown that he did not have possession of

the critical documents until shortly before he produced them in discovery. With that finding, the principal basis for imposing sanctions on counsel disappears. The two other grounds for imposing sanctions on plaintiffs' counsel were subsidiary, and the inferences drawn in imposing those sanctions were significantly influenced by the finding that other intentional and more significant misconduct had already occurred in the litigation. Without the finding that documents had been intentionally withheld, it is therefore appropriate to vacate the other sanctions imposed through the Sanctions Opinion.[1]

Conclusion

The motion to vacate the sanctions order against plaintiffs and their attorneys is granted in its entirety.

SO ORDERED:

Dated:  New York, New York
        July 7, 2005

                                   DENISE COTE
                                   United States District Judge

---

[1] If there had been no ground to believe that critical documents had been withheld in bad faith, it is likely that ERB would not have brought any motion for sanctions to be imposed on counsel.

7